**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Neill Samuell, | Case No.: 2:19-cv-01269-JAD-NJK |
| Plaintiff | |
| v. | **Order Overruling Objections and Adopting Report and Recommendation** |
| Almona, et al., | [ECF Nos. 42, 44] |
| Defendants | |

In 2019, pro se plaintiff Neill Samuell filed this civil-rights action alleging the violation of his constitutional rights while incarcerated at High Desert State Prison.[1] The defendants filed a motion to stay the case in 2021, reporting that Samuell had been released from prison, became homeless upon release, and thus failed to provide an updated address to defense counsel or the court.[2] On May 12, 2021, the magistrate judge granted that motion, stayed dispositive-motion deadlines, and ordered Samuell to update his address within 90 days under Local Rule IA 3-1.[3] Samuell failed to do so and has not appeared in this case since December 2020.[4] Because Samuell failed to meet the 90-day deadline, the magistrate judge recommends that this case be dismissed without prejudice for violating the local rules and ignoring the court's order.[5]

Defendants object to the magistrate judge's recommendation in part.[6] They agree that the case should be dismissed, but urge that I dismiss it with prejudice under Federal Rule of Civil

---

[1] ECF No. 9; ECF No. 10.

[2] ECF No. 37.

[3] ECF No. 39.

[4] *See* ECF No. 32 (Samuell's last docket entry).

[5] ECF No. 42.

[6] ECF No. 44.

Procedure (FRCP) 41(b).  Because defendants have not presented circumstances warranting

dismissal with prejudice, I overrule their objections and adopt the magistrate judge's

recommendation in its entirety.

### Discussion

When a party objects to a magistrate judge's report and recommendation on a dispositive

issue, the district court must conduct a de novo review of the challenged findings and

recommendations.[7]  The district judge "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge," "receive further evidence," or

"recommit the matter to the magistrate judge with instructions."[8]  The magistrate judge

recommends dismissing this case without prejudice under Local Rule IA 3-1, which states that

failure to "immediately file . . . any change of mailing address . . . may result in the dismissal of

the action . . . or other sanctions as deemed appropriate by the court."[9]  She found that Samuell's

"failure to update his address, his disobedience with the local rules, and his disobedience of the

court's order are abusive litigation practices" and determined that he thus had "interfered with

the court's ability to hear this case, delayed litigation, disrupted the court's timely management

of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the

orderly administration of justice."[10]

Defendants agree that the case should be dismissed but argue that "this action warrants

dismissal *with* prejudice—and not just for failure to comply with LR IA 3-1 and the [court's]

---

[7] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

[8] 28 U.S.C. § 636(b)(1).

[9] L.R. IA 3-1; *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).

[10] ECF No. 42 at 1–2 (cleaned up).

order, but also for failure to prosecute . . . under [FRCP] 41(b), which will operate as an adjudication on the merits."[11]  They argue that this is the second case that Samuell has abandoned in the middle of litigation, demonstrating that Samuell has not shown an interest in prosecuting his cases or abiding court orders.[12]  And they reason that the magistrate judge's finding that Samuell engaged in abusive litigation practices supports the harsher sanction of dismissal with prejudice.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[13] A court may dismiss an action based on a party's failure to prosecute, obey a court order, or comply with local rules.[14]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

---

[11] ECF No. 44 at 3 (citations omitted).

[12] *Id.* at 3–4.  In *Samuell v. Owens*, the district judge gave Samuell approximately 80 days to update his address following his release from custody and warned that if he missed the deadline, his case would be dismissed with prejudice.  *Samuell v. Owens*, 2:18-cv-00111-APG-DJA, ECF No. 77 at 7.  The defendants moved to dismiss the case after Samuell failed to comply with that order.  *Id.* at ECF No. 79.  The district judge granted their motion "because Samuell has failed to prosecute this action" but he did not specify whether dismissal was with or without prejudice and did not cite to FRCP 41.  *Id.* at ECF No. 82.

[13] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[14] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

alternatives.[15]  The Ninth Circuit reviews these five factors regardless of whether a district court dismisses a case with or without prejudice.[16]  "Dismissal without prejudice is a more easily justified sanction for failure to prosecute" than dismissal with prejudice.[17]  And FRCP 41(b) permits a defendant to move to dismiss an action based on failure to prosecute and gives the court discretion to decide whether that dismissal is with or without prejudice.[18]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing this case.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[19]  The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[20]  Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[21]  Because this action

---

[15] *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ghazali*, 46 F.3d at 53.

[16] *See Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) (reviewing dismissal without prejudice); *Malone*, 833 F.2d at 130 (reviewing dismissal with prejudice).

[17] *Ash*, 739 F.2d at 497.

[18] Fed. R. Civ. P. 41(b) ("*Unless the dismissal order states otherwise*, a dismissal [under this rule] . . . operates as an adjudication on the merits.") (emphasis added).

[19] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[20] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[21] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

4

cannot realistically proceed without the ability for the court and the defendants to send plaintiff case-related documents, filings, and orders, the only alternative is to enter a second order setting another deadline.  But without an updated address, the likelihood that the second order would even reach the plaintiff is low, so issuing a second order will only delay the inevitable and further squander the court's finite resources.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.  And the fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

So while dismissal of this case is surely warranted, dismissal with prejudice is not. Samuell diligently prosecuted his case until he was unable to find housing following his release from prison.  He abandoned this case relatively early in the litigation—Samuell hadn't served any discovery requests and no dispositive motions have been filed.[22]  And defendants' reliance on Samuell's failure to prosecute another case in this district does not persuade me that he is deliberately wasting the court's resources.  He stopped prosecuting that case at the same time, and presumably for the same reasons, that he failed to prosecute this one.  On this record I cannot find that Samuell's conduct warrants the harsh sanction of dismissal with prejudice.

Further, the Office of the Attorney General's overreaching comments concerning the proliferation of pro se inmate cases in this district and its request that I dismiss this case with prejudice "to send a clear message" to inmates that "abuse of the system will not be tolerated" are not well taken.[23]  Our judicial system protects the constitutional right of indigent and

---

[22] ECF No. 44 at 11.

[23] This is the second time in this case that the Attorney General's Office has taken an overly aggressive stance against Samuell based on his pro se, *in forma pauperis* status, the first of which was reprimanded by the magistrate judge.  *See* ECF No. 39 at 1 ("It is unsavory for a government

incarcerated people to have their day in court.  The court also has processes in place to mitigate the risk of "frivolous, misleading, or fantastical" cases that the Attorney General's Office complains can cause "great financial expense . . . to the defendants and their legal team."[24] Those processes were employed in this case:  three of Samuell's claims survived the court's initial screening and the parties benefitted from an early mediation conference before the magistrate judge.[25]  This case does not warrant the type of "deterrent" punishment that defendants seek.[26]  So I overrule their objections and adopt the magistrate judge's recommendation in its entirety.

### Conclusion

IT IS THEREFORE ORDERED that defendants' objection to the magistrate judge's report and recommendation **[ECF No. 44] is OVERRULED** and the magistrate judge's recommendation to dismiss this case without prejudice **[ECF No. 42] is ADOPTED in its entirety**.

IT IS FURTHER ORDERED that this case is **DISMISSED without prejudice**.  The Clerk of Court is directed to **enter judgment accordingly and CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
May 26, 2022

---

attorney, who is presumably salaried, to complain about wasting his time on a case that may go unprosecuted because the opposing party is a *pro se litigant* who has become *homeless*.").

[24] ECF No. 44 at 12.

[25] ECF No. 8; ECF No. 19.

[26] ECF No. 44 at 13.